■ CALIFORNIA UNION INSURANCE COMPANY, Appellant, v SUPERINTENDENT OF INSURANCE, as Liquidator of Summit Insurance Co., Respondent. [595 NYS2d 51] —Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about December 13, 1991, confirming a Referee's report recommending affirmance of respondent Superintendent of Insurance's disallowance of claimant California Union Insurance Company's $700,000 claim, unanimously affirmed, without costs.

The Referee's report was properly confirmed because the findings were supported by the record (see, Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705). Since the sought after bonds would have required Summit Insurance to answer for the debts or performance defaults of the Oklahoma construction firm, the oral promise of Northern Bonding Co., Summit's agent, that the bonds would be issued was not enforceable under the Statute of Frauds (see, General Obligations Law § 5-701 [a] [2]; Martin Roofing v Goldstein, 60 NY2d 262, 264). The Superintendent, as liquidator of Summit, should not be estopped from asserting the Statute of Frauds because there was no allegation or evidence that Summit or its agent engaged in fraudulent behavior; a mere refusal to perform an oral agreement within the Statute of Frauds generally does not constitute such fraud as to justify disregarding the Statute (Sawyer v Sickinger, 47 AD2d 291, 296). The record indicates that American Special Lines Agency, an experienced broker, should have inquired into the extent of Northern's authority to bind Summit after Northern requested that the $2.2 million project be split into 8 separate contracts. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.